ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DANIEL PASTOR (CABN 297948)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    daniel.pastor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-mj-71769 MAG |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| CARLOS ALBERTO BAQUEDANO, | |
| Defendant. | |

On December 17, 2024, defendant Carlos Alberto Baquedano was charged by complaint with Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), and his initial appearance on the charge was held the same day. ECF Nos. 1, 4.

This matter came before the Court on December 26, 2024 for a detention hearing. The defendant was present and represented by August Gugelmann. Assistant United States Attorney Daniel Pastor appeared for the government covering for Assistant United States Attorney Joseph Tartakovsky. The government moved for detention, and the defendant opposed. Pretrial Services prepared a Pre-Bail Report recommending release with conditions. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, and further supplemented here, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter. The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). If it is later revealed that the Government's proffers are materially inaccurate, the defendant make move for a "subsequent order, permit[ting] the temporary release of the person in custody . . . to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime that involves, among other things, a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable

presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). When the presumption applies, it imposes a "burden of production" on the defendant to put forward "some credible evidence" in order to rebut it. *Castaneda*, 2018 WL 888744, at *4. If the defendant offers evidence that overcomes the presumption, "the presumption is not 'erased' but rather it 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).'" *Id.*

The Court's reasoning is reflected in part in the record from the detention hearing, and the Court makes the following findings to clarify and confirm the bases for its conclusion:

First, the allegations against Mr. Baquedano are serious. He is accused of possessing, on December 16, 2024[1], more than a kilogram of narcotics with intent to distribute and sell the narcotics. This recent arrest follows Mr. Baquedano's arrest earlier this year, on June 18, 2024, by San Francisco police with more than twenty pounds of methamphetamines in his possession. Furthermore, the government proffers that Mr. Baquedano is responsible for moving large sums of money for cartels, including nearly $300,000 in 2023 from drug trafficking in the Tenderloin and beyond. According to these accusations, Mr. Baquedano plays a significant role in drug trafficking and laundering money earned through trade.

Second, Mr. Baquedano is a Honduran national present in the United States without legal status, and while he has been in the United States for a number of years and has a family here, wiretap evidence proffered by the government indicates that he was planning to leave the United States for Mexico. The government points to wiretap evidence of Mr. Baquedano's conversations with two associates in late November and December, approximately two weeks before his most recent arrest. The government's proffers indicate that Mr. Baquedano was reckoning with the possibility of fleeing with his family or leaving on his own.

---

[1] The complaint charged the defendant with possession with intent to distribute methamphetamine based on field testing of the substance. In its detention memorandum, and at the detention hearing, the government proffered that that the substance has now been lab tested and confirmed to be fentanyl.

1   Third, Jazmine Ortega, the defendant's wife is not a suitable surety because the record indicates that she is economically reliant on her husband though she is able to work lawfully in the United States, and the government has provided proffers that she is aware of his involvement in the drug trade. According to a proffered sworn statement by one agent, during Mr. Baquedano's June arrest, Ms. Ortega attempted to sneak a backpack containing illegal narcotics out of the car to prevent police from finding it. The Court is unable to disregard this proffer. The Court also declines to accept Mr. Baquedano's sister-in-law as a surety. It is unclear that she exercises any moral suasion over brother-in-law, or more importantly, that her influence would be significant enough to overcome existing, even if tentative plans, to flee the United States.

Finally, although the defendant has a long-standing relationship with his wife and four minor children, who are U.S. citizens, and he has proffered a work history outside of the drug trade, the wiretap evidence and proffers, in their totality demonstrate that the government has met its burden to show, by a preponderance of the evidence, that no condition or combination of conditions will reasonable assure Mr. Baquedano's appearance as required. 18 U.S.C. § 3142(g). This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or to file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.   The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

1  DATED: December 27, 2024

_____
HON. LISA J. CISNEROS
United States Magistrate Judge